May it please the Court, Martin Schrammer from the firm of Stark and Stark, representing the appellants. Okay, you'll have to talk louder so we can hear you. Sure thing, Your Honor. And we get you on the tape. Martin Schrammer from the firm of Stark and Stark, representing the appellants. I'd like to request to reserve five minutes of my time for rebuttal.  That's a big amount. I think there'll be plenty, Your Honor. That's one-third of your argument. Yes, Your Honor. Which will make it shorter than you might like. Go ahead. Essentially, this is a case involving a light bulb factory and hundreds of employees from a light bulb factory. They found one day that their factory was closed without any warning to them. They noticed also that their salary was unfunded, so their paychecks and commission checks bounced. They also noticed that their health benefits were unfunded. So many of the health benefits that they got while they were working at the factory were unfunded. As I read the briefs, I thought that there's some disagreement with that fact from your adversary. Am I right? I mean, are those – is it agreed that this was the result, that they didn't get their pay for that week? I don't believe, Your Honor, from reading the stipulated facts in the pretrial order, that there's any dispute that there was a problem with payroll, where a bunch of – A problem, yes. But did they ultimately – did they get paid? No they did not, Your Honor. Still haven't gotten paid. That's correct, Your Honor. And they didn't get the money coming to them under the Warren Act. Is that right? That's correct, Your Honor. Okay. Now, do you agree that the – I think it's the FLSA claim is – it's too late for them to handle that? What is still out there that's lying? The current claims that are pending are the FLSA claims that Your Honor referenced, the New Jersey wage payment statute that Your Honor also referenced, ERISA claims, and Warren claims. Okay. Now, let me just ask you a question. Many, many years ago, when I was involved in some class actions, the lawyers who wanted to represent the class put forward affidavits that set forth what they had done, that they handled this many cases. Is there anything like that on this record from – you were part of the subsequent counsel. Yes. Is there anything like that on this record? There was something like that on the record for prior counsel. Yeah, I'm asking about the second counsel. No, there is no analysis, and that was one of our issues. What do you mean, analysis? If you come in and want to represent a class – I don't know what they do in the district court now. Judge Pollack would have better familiarity with that than I would. But I thought that you have to say, hey, this is who I am. I went to this law school. I was in the top third of my class. I've been involved in litigation for X number of years. Did your firm do any of that? We did not formally present our credentials or bona fides to the – Did you informally? Yes. We had many conferences before the magistrate judge who had jurisdiction over the case by the agreement of the parties. The conferences – well, when did you set forth your resumes? Let me put it that way. It was my understanding that that issue was never in dispute. Our firm handles plenty of class actions. I personally handle plenty of class actions. We had discussed that with the magistrate. There was no – Which magistrate? Are we talking about the first magistrate? There was a second magistrate, right? Yes. My firm – First it was Judge Hedges. Yes, Your Honor. And then it was Judge Checkey. Checkey. Uh-huh. My firm was only involved at the point where Judge Checkey took over the case. I had no dealings with Magistrate Judge Hedges. Your firm wasn't involved when the second opinion of Judge Hedges came out? That's correct, Your Honor. Go ahead. In any event, the employees filed suit. The suit went through discovery, went through dispositive motions, went through a pretrial order, and on the eve of trial, Magistrate Judge Hedges decertified the class based upon procedural errors made by prior trial counsel. He decertified the class. That's correct, Your Honor. He first certified the class, and then he decertified the class. The class was first certified by District Judge Hayden. Ah. And then late – I'm sorry. Go ahead. And then – but he wrote an opinion denying the motion to decertify first. Actually, the class was certified early on in May of 2002 by Judge Hayden. Yes, you just said that. And then it went through discovery, it went through dispositive motions before District Judge Linares. Subsequent to that, the prior counsel had agreed to the jurisdiction of the magistrate for the trial. That's when Judge Hedges, in February of 2007, issued an order decertifying the class. Well, didn't he first have an opinion denying the motion to decertify? Yes, he did, Your Honor. I thought I asked that question. I'm sorry. I must have misunderstood you. That may be exactly the sort of thing that led the magistrate judges to say counsel is ineffective or won't be able to handle this. Precisely that sort of thing, to listen and to answer with the facts. Now, so he first had an opinion that denied the motion to decertify the class, right? Yes, Your Honor. And then he changed his mind. Yes, he did, Your Honor. The second opinion. Now, what happened between the first opinion and the second opinion? According to magistrate judges' opinion decertifying the class, prior trial counsel did not send a renewed notice to the class regarding the fact that a tortious interference claim had been stricken by the magistrate judge or that some of the remaining claims could have fee-shifting issues if the class were not to prevail on those claims. He also apparently had an issue with the fact that prior trial counsel was not signed up as an ECF filer, so did not receive his latest order, which compelled prior trial counsel to serve this notice and also set a trial date, which prior trial counsel apparently didn't know about until just a few days before the trial. Once your firm came in, didn't it have an obligation to be sure that all the I's were dotted and all the T's were crossed? One would have been to make sure that you were on the list to get the electronic notices, and you didn't do that? Well, if I can explain what happened, Your Honor, prior trial counsel filed the withdrawn substitution of counsel. It showed up on the docket. Yeah. Apparently, they didn't click the right boxes, which would have made us ECF filers. Excuse me. That wasn't my question. My question was once you take over from another firm, doesn't your firm have You're representing a class. Doesn't your firm have an obligation to be sure that everything that should have been done was done? I agree, Your Honor, and first of all, it's fairly anomalous that that would happen, that the substitution was filed and we weren't signed up as ECF filers. However, we didn't know that because nothing was filed on the ECF in the roughly six weeks that we were not signed up after we were admitted. There was no prejudice to anyone. We were on PACER all the time because we were looking through the voluminous files and trying to get up to speed on the case. Prior trial counsel, based upon their mistake with the withdrawal, was also still an ECF filer at the time. We were working with them on the transition of the file. We would have gotten anything that was filed. Moreover, if we would have seen anything filed on PACER and noticed that we didn't get it through the ECF service, we would have noticed the mistake that prior trial counsel made. Do you challenge the – I'm sorry, I don't mean to ask all the questions, and if any of my colleagues want to ask a question, please go ahead. If you're doing just fine. Do you challenge the employer's argument that the adequacy of counsel and the counsel's representation is a factor that is relevant to certification or decertification of the class? If I understand your question, I'm trying to listen to you very closely, Your Honor. If I understand your question correctly. My question is, is it relevant? If you're the magistrate judge or the district judge, under the Rule 23 as it stands now, do you think, and I know we only have two-thirds of your argument now, is it relevant that counsel be adequate? It's relevant in conjunction with what I believe is the controlling case law and the only case law on this point that states that only the most egregious misconduct on the part of the plaintiff's counsel could ever arguably deny denial – could ever arguably justify denial of class status. And that's a quote from the Halverson case. Thank you. We'll get you back when you're available. Thank you, Judge. Good morning, Your Honors. Good morning. May it please the Court. I'm not getting a break. I went too long this morning. Kevin Krantz, the law firm of Stahl Cohen from Chicago. Thank you for the wonderful weather here in Philadelphia this morning. Stay a while. The city needs the money. Well, they got a lot of hotel tax last night. I represent the appellees in this matter. Can I ask you a question? Certainly. It seems to me, as I look through this file, that the magistrate judge said at one point that the survey, I guess, that was put out was adequate notice to the class. Yes. And then one of the reasons given, and a significant part of the reasons given for the decision to decertify, was that they hadn't given notice. That seems to be an obvious conflict. Could you respond to that? I will. I'd be happy to. Judge Hedges quite simply changed his mind. We brought a motion for decertification as this case was, I'd like to say, hurtling but crawling towards trial. And there were two parts of that particular decertification in our motion. One had to do with damages, because it was our position that the damages were not ascertainable, that would not be applicable to a class analysis. That was denied, and that was not re-argued. We did re-argue Judge Hedges' ruling on the notice issue. He had ruled there had been, through a form of discovery, and it was really to kind of ascertain damages early on in the case. They sent out a survey, and they got a response from some of the employees, and it really was just a, it was kind of a wages-type survey. Well, but he then limited the class to those who had responded and specifically said that was notice. Now, how can it have been adequate notice once and then not adequate notice the second time? Because Rule 23 and the court decisions that are promulgated by that rule require specific notice, and that notice has to contain specific information for the class. And the reason here is they are asking for an opt-out class. And as the court picked up earlier, we do have some issues with the FLSA. It's our position that the FLSA is gone because the case law, specific case law says you must opt in to an FLSA. Moreover, you must file those with the court. Those surveys are not an FLSA opt-in, and they're not filed with the court. But with respect to the opt-out issue of this case, the very reason why you have notice in a class action case such as this is because it's an opt-out. The putative class members are passive litigants. They may be bound by the judgment that is going to be obtained by the representative plaintiffs. Therefore, Rule 23, making perfect sense, says you've got to tell them what's at issue so that they can be fully informed as to whether they want to go along for the ride or whether they want to opt out. In this case, as we pointed out, it's even more important that the notice be given because under the claims at issue here, specifically the ERISA claim and the WARN, there are fee-shifting provisions with respect to those statutes. Now, would it happen? I don't know. Could it happen? Yes. It's there in the statute. Ginsburg. Could what happen? I'm not sure what the it is. Waxman. Fee-shifting. Ginsburg. Oh, well. Waxman. And if you are the class members could be on the hook in theory. In theory. Ginsburg. But isn't this an obvious WARN Act case? I mean, if we get to the merits. I can't imagine a more prima facie WARN Act case than this. And under the WARN Act, you can get up to $500 a person if you didn't get the notice within the required time. I can't imagine a defense to the WARN Act claim. And aren't WARN Act cases the paradigmatic class action cases? Well, with respect to the merits, and we're not here on the underlying merits of the case. Well, obviously we have to think about that. We sure do. We have to worry about the class members. Absolutely. We weren't given the statutory WARN Act. Absolutely. However, we have, there are defenses to the WARN Act case. And we have those defenses. And we have those defenses in spades. What possible defenses? The reason why, I'm sorry, Your Honor. Go ahead. I'm trying to slow down. It seems to me, I mean, I've had WARN Act cases. They're entitled to up to $500 without showing any damages. This company was suddenly closed down because fleet finance. Because they decided to put the assets into another company. No, that's not true, Your Honor. I mean, it isn't that China came in and took over the area. No, that's not true. Fleet Financial, this company was in financial distress. Fleet Financial was its lender. It lived on a line of credit. Fleet Financial told them they would no longer fund operations, so they cut off the money. Prior to that, the company had been trying to find a buyer. They were trying to sell the company. Under WARN Act, you don't have to make a disclosure if you are in the efforts to sell a company, because that will act as a, that's pouring a bucket of cold water on your efforts. Moreover, the banks cutting them off was sudden and unexpected. So those are two defenses to the WARN Act. You never mention Rule 23G in your brief. Nor does the plaintiff. Nor did the magistrate judge who decided this case. What is the relevance of the timing with respect to the decision of, to decertify without, can you decertify without having a prior analysis of Rule 23G? You know what 23G says? I'd like to look at it before I answer the question. I can't believe, and this is to both, well, I should take it back. I find it disturbing that neither counsel in none of the briefs goes into 23G and the cases that have come out under 23G. And the timing. Well, let me. I have a feeling. Go ahead, please. I assume you didn't raise it because it was against your interest. Well, yes. But still, seconding my sister. Thank you. Presiding judge. I mean, I would think at least a footnote would be warranted. You know, how about that they waive the issue? I mean, as far as I can tell, 23G was in effect at the relevant time here. And that the lower court did err as a matter of law, but they waived it. That's my assessment of the record. Is that wrong or right? Where are we on that? Well, as you point out, Judge Hedges, it's not raised in Judge Hedges' decertification. It's not raised in Judge Checkey's. It wasn't raised in any of the pleadings that underlie Judge Checkey's decision. Was 23G? It was never discussed. Had they raised it, would you have an error of law here? I guess that would be the decision of this court to make. Well, I'm asking in light of your duty of candor to the court, what's your position on that? You know, under my duty of court, I guess so. I mean, I'm advocating for my client. I mean, I don't want to badger you, but, you know, but for the brilliance of, you know, my law clerk and Judge Sloviter, or maybe her law clerk found it, but I surely didn't find it. But, you know, it caused us to spend a lot of time trying to figure out an issue that, for future reference, would have been, for my speaking only for myself, would have been more appreciated to have made mention in your brief and just point out that they waived it. And if they come back in their reply brief and say, oh, 23G is a good argument, we have a long history of case law saying that raising something for the first time in a reply brief is insufficient. So I guess what I'm suggesting is having done that would not have been to the detriment of your client, and it would have been at least, in this judge's view, appreciated by the court. Well, and again, I apologize for any inconvenience that we caused the court in not raising that in a footnote. Are you aware that there are cases that say that you cannot consider the class certification under 20, the rest of 23, until 23G is considered? I have not. There are no cases. Obviously, since we didn't address that position, there are no cases in my brief that address that. Well, I can tell you that there are cases that so hold, and our question is whether the district court should have held it. For example, in the District of New Mexico, a good district from which one of my law clerks comes and who had a district court clerkship there, the court said that a finding of adequacy of class counsel is no longer a prerequisite to class certification under Rule 23A-4, which means that a district court must first decide the suitability certification of a class without considering the adequacy of class counsel, and must then, and in this case, wouldn't that require us to remand so that the district court could take into account 23G, which has a whole series of factors that a court should consider? Well, I don't know. I think that the court came down to that issue, and in the court, when Judge Checki reached the decision with respect to the adequacy of counsel here, I think that what happened was she obviously had the full record of the case in front of her, and she was able to look at the posture of this case going into trial, and this is an unusual class certification analysis because the typical class, you go into the certification analysis kind of at the commencement of the action. In this case, we had a certification decision that is not happening at the commencement. It's happening eight, nine years down the road. When there is a full record before the judge looking at this case that is before me ready to go to trial, and the question is, does this, is the class going to be adequately represented? And as the court noted in her decision, based on the record before me, no. By the class, by her, excuse me, just for a second, you mean Judge Checki, not Judge Hayden? No, no. Judge Hayden made that analysis. Judge Hayden made an analysis at the commencement of the case back in 2002 to certify the class. Judge Pollack. You're asking us to sustain Judge Checki's decision. I wonder if you could help me out with the following. The judge said in her opinion, page 12, in addition to the issues surrounding notice of delay discussed at length above, the court is also mindful of the lengthy list of factors cited by defendants as additional examples of the inadequate representation that has continued throughout the litigation of this matter. I guess I don't know what it means for a judge to say that she's mindful of something. It leads me to think that they were certainly not addressed in detail or a decision made with respect to them. So the net of my question is, doesn't Judge Checki's decision stand or fall on her analysis of what she calls the issues surrounding notice and delay? Well, I think that the judge can take into account the record before her. I noted also in a footnote that the judge had listed the myriad issues that had arisen in this case, but in her position did not opine on it in the decision. But I think that the district court did and can look at the totality of the case. And she is being asked to certify the class at that time. And the decision that the judge makes is, is the class adequately represented? And she said that. Are you asking us to consider issues then going beyond notice and delay, the issues she specifically identifies? And if you are, is this court really in a basis, in a position on this record to decide whether one or several of the issues raised, with respect to which Judge Checki says she'll be mindful of them, doesn't opine? Yes. As the court, in her decision, as she noted in her decision, based on the written pleading before her and based on the oral argument that was made before her, she rendered the decision determining that the class was not being adequately represented. And she refused to certify the class. Well, she decertified it. No, she did not, Your Honor. The decertification came from Judge Hedges. It's confusing. No, it's not confusing. Not for us. We do this sort of thing all the time. So what was at issue before her? This was a certification case, and it's discretionary. And she exercised her discretion. It was on the recertification motion. It was on a recertification motion. And I see that my time is up. Why is it to the benefit of the class? Think of all these unrepresented people, Ashley. How many are there, by the way? I believe about 500. Is it to the benefit of the 500 people out there for us to sustain the decertification or the failure to recertify? As I recall, if a class counsel is found inadequate, the district court will usually give someone the chance to look around and get somebody, if the district court thinks that there may be some merit to the underlying claim, will look around to be sure that there isn't anybody else who can represent these people whose claims may be too small for individual litigation. I don't know. It's been a long time. These people have been district judges more recently than I was involved with, never. Isn't that really the obligation of the judge, to worry about the class members? I don't believe that Judge Checky ignored the class members. I believe what you said. I don't believe Judge Checky ignored the putative class members. Did she think about them? I believe so. What does it show in her opinion? I believe that's the very last line of the opinion. The judge notes that. What does she say? As in, Tom, this conclusion is reached not to punish counsel, but rather to protect the class he seeks to represent. Well, how does the class go? That was my question. Well, I was going to say, what you said in your question was, if the judge, paraphrasing a bit, if the judge feels that the merits, the underlying merits of the case, judge has full record, this case was set for trial, all motions in front of the judge. As pointed out in my brief, there are numerous substantive issues in this case, not necessarily with respect to anything performed by current counsel, but they are a part of this case. And our position, quite simply, is current counsel, qualifications notwithstanding, can't salvage it. Well, I don't understand that. I don't understand why, if there are still some, I'm sorry to take the time on this, but if there are still some claims that are viable, let's take, suppose the FLSA claim is not viable, is time-barred, and suppose that there's not much of the ERISA claim, suppose that. Let's take just the Warren Act claim, which is, I mean, why is it to the benefit of the premise? Well, because, for one thing, the judge understands and has seen, through the process of the pretrial discovery and the pretrial motions before her, what the defenses are to the Warren claim. They have no witnesses to rebut any of this. The company was shut down. The bank calls and says, we won't give you any more money. They had no money to operate. And you say that there's nobody to testify as to the records of the company, but I find that, I mean, I read the brief. I can't believe that there's nobody out there that can be deposed. But let's hear from your colleague how that's answered. Thank you. Sorry to ask you so many questions, but I have a lot of questions. I can see that. Thank you. You have five minutes, but let's start, Mr. Trama, with 23G. Did you not mention 23G in your briefs, in your arguments? Well, Your Honor, let me step back and say we didn't mention a lot of things in our arguments. No, but I'm not worried about 23G. But we did not mention 23G. I'm not worried. I'm asking you specifically about Rule 23G. Do you know what 23G provides? I can't state it to you verbatim, but I have a general knowledge. Not verbatim. I don't expect anybody. It's a long rule. Do you have some idea of the essence of what it is? I believe that you've instructed counsel the essence that the magistrate judge should not have made this analysis. Do you know that under 23G, the court must consider, among other things, A2, A2, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action. What did you provide the court so that it could take that into consideration? I did provide in my briefing the fact that the magistrate judge did not do any analysis, not only 23G, but any analysis whatsoever. Excuse me for interrupting, but it doesn't say what the magistrate judge. It's talking about counsel's experience. Now, I don't know that the magistrate judge would know that unless counsel provided that to the magistrate judge. Did you provide the magistrate judge with either your experience? Well, A2 or A3, counsel's knowledge of the applicable law, and for the resources that counsel will commit to representing the class. These are all things. These are the federal rules of civil procedure that govern class actions. You came in, your office came in, to represent this class. You asked the judge to recertify the putative class. What did you provide the judge to show that these factors that the court is required to consider would lead her to recertify the class because you were competent to handle it, that you would fairly and adequately represent the interests of the class? Your Honor, we supplied nothing more than general representations that we were qualified to do so. And it never became an issue. Well, why didn't you then answer Judge Hartiman's question, which he's about to ask you, why shouldn't we hold that you waived that issue? It never formed the basis, any basis, of the decision of the judge. All the cases that talk about the basis for the decision that the magistrate may do not mention. What do you mean it never formed the basis? That particular rule. She wasn't – But it wasn't put – when was the decision made? The decision not to recertify the class? Yes. What year? April 4th, 2008. Okay. In 2003, the rules of procedure were amended, and it was an important change, I would have thought, from your standpoint, because as I read the 2003 amendment, the question of the adequacy of class counsel was shifted from a decision prior to certification, which would be very detrimental to your case here, and it was changed to be something that was done after class certification. And it seems to me that you would have a good argument that there was an error of law here because you were deemed to be – your firm was deemed to be inadequate to represent the class at the wrong time in light of the 2003 rule. And my question to you is, which I ask the opposing counsel, is where in the record was that argument raised? Because if it's not raised, then it's waived. The argument was never raised because that wasn't what her order was based upon. Her order was based upon a pattern. It was based – I'm not trying to dance around your question.  Yes, but she specifically found in her order that prior counsel, and including our firm, engaged in a pattern of malfeasance, which are the exact words that she used. But that adequacy issue was analyzed in conjunction with deciding whether to certify the class, was it not? But the cases that she referred to, Taub and Korn, talk about unethical behavior by counsel. And that's what she based her decision on, a pattern of malfeasance by counsel. Right. But the 2003 amendments say you're supposed to look into that issue after the class is certified, not before. Right? That's correct. But you're – You agree with that. You know the rule well enough to say that, right? I agree with that. Yeah. But do you know it, or just because the judge is – I think he's learned today. Right? I think we're all learning today. But I think you've been candid. You've conceded that you've waived that issue. The 23G issue was not raised. In fact, you two counsel probably feel rather blindsided by the issue today because we're the ones that are raising it sua sponte, or nostra sponte. I'm wondering how that works. To be fair, Judge, that wasn't a consideration in the actual order that we're appealing. There were arguments that she made were presenting case law against those arguments. That wasn't one of the issues. Okay. Thank you. Oh, by all means. One question. Judge Schecky notes on page 11 of her opinion that, quote, plaintiffs themselves admit that the class members, quote, apparently from your brief, have been severely prejudiced by these events. Given your concession or assertion of severe prejudice, is that something that can be overcome by continuing recertifying the class and continuing your representation? Well, it's our position that that's the only way that it can be overcome. Prior trial counsel looked for quite a while for other attorneys to step into this particular case. If it's not recertified through our firm, it's basically the death knell of the actual claims. So you're saying it was potential prejudice, not that they already have been prejudiced? Well, they were prejudiced insofar as they didn't get a trial sooner than they would have liked because of various procedural errors on the part of prior trial counsel. But if it's not decertified with our firm, it's a de facto dismissal of the claims. We've already sent notice to all of them that the class was decertified and that they should do whatever they can to protect their rights. No individual plaintiffs have filed suit yet. Thank you very much. Thank you. Thank you, gentlemen. We will take the matter under advisement.